Nov. Term.
1860.

McPhelomy
v.
Solomon.

---

McPhelomy *v.* Solomon.

In an action of replevin begun before a justice of the peace, the complaint stated, " that such property had not been taken on any *legal* tax, assessment, fine, or execution, or other *legal* writ," &c. After verdict for the plaintiff, in the Court below, the judgment was arrested and the cause dismissed.

*Held*, that the complaint was good on a motion in arrest, the defect, if any, being healed by the verdict.

APPEAL from the *Davies* Common Pleas.

Worden, J.—*McPhelomy* sued *Solomon* before a justice of the peace, and filed the following complaint, viz:

" The plaintiff states that he is the owner, and lawfully entitled to the possession, of the following personal property, to-wit: one barrel containing forty gallons of whisky, of the value of sixteen dollars ; that the same has not been taken by virtue of any legal tax, assessment, fine or execution, or other legal writ against him, but is unlawfully detained in *Davies* county, *Indiana*, from the said plaintiff by the said *David Solomon*. Wherefore the plaintiff demands judgment for the restitution of said personal property, and five dollars in damages for the detention of the same."

The cause was tried before the justice, and appealed to the Common Pleas. In the latter Court, the plaintiff, upon trial, obtained a verdict; but, on motion of defendant, judgment was arrested and the cause dismissed, on the ground of alleged insufficiency of the complaint.

The statute requires, in actions of replevin before justices, that the complaint shall state that the property sought to be replevied "has not been taken by virtue of any execution or other writ against" the plaintiff. 2 R. S. 1852, § 71, p. 464.

Wednesday,
December 5.

Nov. Term,
1860.

The objection to the complaint in this case, is that the word "legal," is inserted before the word "tax," and before the word "writ."

It may be doubted whether the word "legal," as found in the complaint, adds to, or diminishes from, its substantial effect. An "execution," or a "writ," could hardly be designated as such, unless it were a legal execution, or a legal writ. Again, it may be doubted whether the legislature intended to withhold the remedy before a justice, except in cases where the property was taken by a legal execution or other legal writ.

But admitting the complaint to be informal in this particular, we think the objection was made too late. The complaint, in our opinion, is good on motion in arrest. No objection was made to it, either before the justice, or in the Common Pleas, until after the trial and the return of the verdict. We think it clear that such defect as is here made the ground of arresting the judgment, is cured by the verdict. Chitty's Plead. 673.

*Per Curiam.*—The judgment below is reversed, with costs, and the cause remanded, with instructions to the Court below to render judgment on the verdict.

*L. Q. De Bruler,* for appellant.

*J. W. Burton* and *R. A. Clements,* Jr., for appellee.